UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| BRIAN JONES, | |
| Plaintiff, | Case No._____ |
| v. | COMPLAINT |
| COVANTA HOLDING CORPORATION, DAVID M. BARSE, RONALD J. BROGLIO, PETER C.B. BYNOE, LINDA J. FISHER, JOSEPH M. HOLSTEN, OWEN MICHAELSON, DANIELLE PLETKA, MICHAEL W. RANGER, ROBERT S. SILBERMAN, JEAN SMITH, and SAMUEL ZELL, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff Brian Jones ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE AND SUMMARY OF THE ACTION**

1. Plaintiff brings this action against Covanta Holding Corporation ("Covanta" or the "Company") and the members of Covanta's Board of Directors (the "Board" or the "Individual Defendants," and together with Covanta, "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of their agreement to be acquired by funds affiliated with EQT Infrastructure ("EQT") (the "Proposed Transaction").

2.     On July 14, 2021, Covanta and EQT entered into an Agreement and Plan of Merger dated July 14, 2021 (the "Merger Agreement") pursuant to which, Covanta shareholders will receive $20.25 in cash for each share of Covanta common stock they own.

3.     On September 2, 2021, Covanta filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC which omits or misrepresents material information concerning the Proposed Transaction. The failure to adequately disclose such material information renders the Proxy Statement false and misleading.

4.     The stockholder vote to approve the Proposed Transaction is forthcoming. Under the Merger Agreement, following a successful stockholder vote, the Proposed Transaction will be consummated. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from conducting the stockholder vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders of the Company's common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1331 because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over each Defendant by this Court permissible under the traditional notions of fair play and substantial justice. "Where a federal statute such as Section 27 of the [Exchange] Act confers nationwide service of process, the question becomes

whether the party has sufficient contacts with the United States, not any particular state." *Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1315 (9th Cir. 1985). "[S]o long as a defendant has minimum contacts with the United States, Section 27 of the Act confers personal jurisdiction over the defendant in any federal district court." *Id*. at 1316.

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as 28 U.S.C. § 1391, because Defendants are found or are inhabitants or transact business in this District.  Indeed, the Company's stock trades on the New York Stock Exchange, which is also headquartered in this District.  *See, e.g., United States v. Svoboda*, 347 F.3d 471, 484 n.13 (2d Cir. 2003) (collecting cases).

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Covanta.

9. Defendant Covanta is a Delaware corporation, with its principal executive offices located at 445 South Street, Morristown, New Jersey 07960.  Covanta's common stock trades on the New York Stock Exchange under the ticker symbol "CVA."

10. Defendant David M. Barse is, and has been at all relevant times, a director of the Company.

11. Defendant Ronald J. Broglio is, and has been at all relevant times, a director of the Company.

12. Defendant Peter C.B. Bynoe is, and has been at all relevant times, a director of the Company.

13. Defendant Linda J. Fisher is, and has been at all relevant times, a director of the Company.

14. Defendant Joseph M. Holsten is, and has been at all relevant times, a director of the Company.

15. Defendant Owen Michaelson is, and has been at all relevant times, a director of the Company.

16. Defendant Danielle Pletka is, and has been at all relevant times, a director of the Company.

17. Defendant Michael W. Ranger is, and has been at all relevant times, President, Chief Executive Officer, and a director of the Company.

18. Defendant Robert S. Silberman is, and has been at all relevant times, Lead Director and a director of the Company.

19. Defendant Jean Smith is, and has been at all relevant times, a director of the Company.

20. Defendant Samuel Zell is, and has been at all relevant times, Chairman of the Board and a director of the Company.

21. Defendants identified in paragraphs 10-20 are referred to herein as the "Board" or the "Individual Defendants," and together with Covanta, "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A. Background of the Company

22. Founded in 1986, Covanta, through its subsidiaries, provides waste and energy services to municipal entities primarily in the United States and internationally. It owns and operates infrastructure for the conversion of waste to energy ("WtE"), as well as engages in related waste transport and disposal, and other renewable energy generation businesses. The Company disposes waste and generates electricity and/or steam; sells ferrous and non-ferrous metal recovered during the WtE process; and offers waste management solutions, such as site clean-up,

4

wastewater treatment, pharmaceutical and healthcare solutions, reverse distribution, transportation and logistics, recycling, and depackaging. As of December 31, 2020, it owned and operated 41 WtE operations, 13 transfer stations, 20 material processing facilities, 4 landfills, 2 wood waste energy projects, 1 regional metals recycling facility, and 1 ash processing facility. The Company was formerly known as Danielson Holding Corporation and changed its name to Covanta Holding Corporation in September 2005.

### B. The Proposed Transaction

23. On July 14, 2021, Covanta issued a press release announcing the Proposed Transaction stating, in pertinent part:

> MORRISTOWN, N.J. – Covanta Holding Corporation (NYSE: CVA), a world leader in sustainable waste and energy solutions, today announced that it has entered into a definitive agreement with EQT Infrastructure ("EQT"), whereby EQT will acquire all shares of Covanta common stock for $20.25 per share. The purchase price represents an approximately 37% premium to Covanta's unaffected share price of $14.78 on June 8th, the day prior to initial media speculation of a transaction. The acquisition is subject to Covanta shareholder approval, as well as customary government approvals, and is expected to close in the fourth quarter of this year. The agreement resulted from a competitive sale process and is not subject to a financing condition.
>
> "We are pleased to announce this agreement with EQT," said Michael Ranger, Covanta President and CEO. "Our comprehensive analysis during the past nine months has been singularly focused on enhancing value for our shareholders. EQT certainly recognizes the value we see in our business, and this transaction represents an excellent outcome of our strategic review. Furthermore, as an organization dedicated to sustainability and environmental stewardship, EQT shares our vision for a safer, cleaner and more prosperous future through sustainable waste management thereby ensuring no waste is ever wasted. We couldn't ask for a better partner as we embark on this next phase of our company's evolution, delivering on our goal of building a sustainable future for all stakeholders."
>
> Covanta is the world's leading waste-to-energy provider, operating facilities in North America, Europe and the UK. Annually, Covanta's 40 plus facilities process approximately 21 million tons of waste from municipalities and businesses and convert it into renewable electricity to power over one million homes.
>
> Following the completion of the acquisition, EQT will work with Covanta's management team to build upon its impressive strengths including its portfolio of

assets that provide essential waste services to municipalities and commercial customers, its long-term community relationships, as well as its numerous growth opportunities, including through a robust UK project pipeline of new waste-to-energy infrastructure and Covanta's Environmental Solutions platform.  Covanta will maintain its corporate headquarters in Morristown, New Jersey and its management team is expected to remain in place.

Alex Darden, Partner within EQT Infrastructure's Advisory Team, said, "EQT and Covanta are proven business leaders who share a like-minded approach to environmental stewardship, and this acquisition aligns directly with EQT's thematic approach of investing in sustainable businesses that have a positive impact on society.  EQT is excited to partner with the entire Covanta team and to invest in organizational, operational, and digital technology initiatives that will enhance Covanta's ability to provide sustainable solutions to growing waste challenges.  As a responsible investor, EQT is committed to working with Covanta on transforming and supporting the energy transition and circular economy across its local communities."

Sam Zell, Covanta's Chairman of the Board, commented, "This agreement represents the successful completion of many months of work by members of Covanta's senior leadership team as they executed the in-depth review of the company's operations, growth priorities and capital structure announced in October of last year.  This fulsome effort culminated in a competitive process that we believe provides the best risk-adjusted value for shareholders."

BofA Securities acted as financial advisor to Covanta and Debevoise & Plimpton LLP provided legal counsel.

C. **The Materially Misleading Proxy Statement**

24. On September 2, 2021, Defendants filed the materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Covanta's stockholders.  Designed to convince the Company's stockholders to vote in favor of the Proposed Transaction, the Proxy Statement is rendered misleading by the omission of critical information.

25. Defendants were obligated to carefully review the Proxy Statement prior to its filing with the SEC and dissemination to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Proxy Statement misrepresents and/or omits material information that is necessary for the Company's shareholders to make informed

decisions regarding whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

26. First, the Proxy Statement omits material information regarding the Company's financial projections.

27. The Proxy Statement fails to disclose the line items underlying: (i) Adjusted EBITDA; (ii) Free Cash Flow; (iii) North American Unlevered Free Cash Flows; and (iv) European Levered Free Cash Flows.

28. Second, the Proxy Statement omits material information regarding the financial analyses performed by the Company's financial advisor, BofA Securities, Inc. ("BofA").

29. With respect to BofA's Selected Public Trading Companies Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the companies analyzed.

30. With respect to BofA's Selected Precedent Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the transactions analyzed.

31. With respect to BofA's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 6.25% to 7.25% and 9.50% to 12.50%; (ii) the Company's net debt; and (iii) Covanta's fully-diluted outstanding shares.

32. With respect to BofA's Wall Street Analysts Price Targets analysis, the Proxy Statement fails to disclose the individual price targets observed and the sources thereof.

## CLAIMS FOR RELIEF

### COUNT I

### For Violations of Section 14(a) and Rule 14a-9 Promulgated Thereunder
### Against All Defendants

33. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

34. During the relevant period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder by the SEC.

35. Each of the Individual Defendants, by virtue of his/her positions within the Company as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a) of the Exchange Act.  Defendants, by use of the mails and means and instrumentalities of interstate commerce, solicited and/or permitted the use of their names to file and disseminate the Proxy Statement with respect to the Proposed Transaction.  The Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

37. By reason of the foregoing, the Defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### For Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth in full.

40. The Individual Defendants acted as controlling persons of Covanta within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Covanta, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

43. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered - descriptions the Company directors had input into.

44. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, Covanta's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until Defendants disclose and disseminate the material information identified above to Covanta stockholders;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that Defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for

Plaintiff's attorneys' and experts' fees; and

  E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 24, 2021         Respectfully submitted**,**

                 By /s/ Shallom Engel
                   Shallom Engel
                   **Engel Law PLLC**
                   2329 Nostrand Avenue, Suite 100
                   Brooklyn, NY 11210
                   Telephone: (917) 573-6555
                   Email: shallom@engellawpllc.com

                   *Attorneys for Plaintiff*